NICK S. PUJJI (SBN 259571)
nick.pujji@dentons.com
CARLOS BACIO (SBN 328466)
carlos.bacio@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Telephone: 213 623 9300
Facsimile: 213 623 9924

Attorneys for Defendant
ANSELL HEALTHCARE PRODUCTS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT S. AMBROSE, an individual,

Plaintiff,

v.

ANSELL HEALTHCARE PRODUCTS LLC, a Delaware limited liability company; and DOES 1 to 50, inclusive,

Defendant.

No. 2:26-cv-05010-JLS-SK

**DEFENDANT ANSELL HEALTHCARE PRODUCTS LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Judge: Hon. Josephine L. Staton

Trial Date: None Set
Date Action Filed: January 30, 2026

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Defendant Ansell Healthcare Products LLC ("Ansell" or "Defendant") answers Plaintiff Robert S. Ambrose's Complaint ("Complaint") and asserts defenses as follows:

**PARTIES**

1. Defendant admits Plaintiff was a resident of the State of California during his employment with Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the remainder of the allegations in Paragraph 1.

2. Admit.

3. Defendant admits it employed Plaintiff from approximately April 11, 2016 to November 20, 2024 as a full-time employee within the State of California. The remainder of the allegations in Paragraph 3 call for a legal conclusion, to which no response is required and, therefore, the allegations are denied.

4. Defendant admits it employed Plaintiff as a remote employee within Los Angeles County, California. The remainder of the allegations in Paragraph 4 call for a legal conclusion, to which no response is required and, therefore, the allegations are denied.

5. The allegations in Paragraph 5 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 5.

6. The allegations in Paragraph 6 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 6.

7. The allegations in Paragraph 7 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 7.

//

//

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

8. The allegations in Paragraph 8 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 8.

## JURISDICTION AND VENUE

9. Defendant admits this Court has subject matter jurisdiction based on diversity jurisdiction pursuant to 28 U.S. Code sections 1332 and 1441. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 9.

10. Defendant admits venue is proper in the Central District of California, Western Division pursuant to 28 U.S. Code section 84(c)(2). Except as so stated, Defendant denies the remainder of the allegations in Paragraph 10.

11. Defendant admits venue is proper in the Central District of California, Western Division pursuant to 28 U.S. Code section 84(c)(2). Except as so stated, Defendant denies the remainder of the allegations in Paragraph 11.

12. Defendant admits venue is proper in the Central District of California, Western Division pursuant to 28 U.S. Code section 84(c)(2). Except as so stated, Defendant denies the remainder of the allegations in Paragraph 12.

## FACTUAL ALLEGATIONS

### ***Overview of Defendant's Unlawful Scheme to Withhold Earned Commissions***

13. Defendant admits it employed Plaintiff from approximately April 11, 2016 to November 20, 2024 as a full-time employee within the State of California. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

***Commissions Were Earned Wages Under California Law***

19. Plaintiff earned annual incentives, which were governed by Defendant's annual Sales Incentive Plans. Defendant never paid Plaintiff, nor did he ever earn, a commission. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 19.

20. Plaintiff earned annual incentives, which were governed by Defendant's annual Sales Incentive Plans. Defendant never paid Plaintiff, nor did he ever earn, a commission. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 20.

21. Plaintiff earned annual incentives, which were governed by Defendant's annual Sales Incentive Plans. Defendant never paid Plaintiff, nor did he ever earn, a commission. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 21.

***Defendant's Business and Plaintiff's Employment***

22. Defendant admits it manufactures and sells nitrile and latex gloves as one of its product lines for personal protective equipment ("PPE") purposes in medical, surgical, and similar settings.

23. Defendant lacks adequate knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, denies them.

24. Defendant lacks adequate knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies them.

25. Defendant lacks adequate knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26. Defendant lacks adequate knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27. Defendant denies the allegations in Paragraph 27.

//

//

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

28. Defendant admits Plaintiff sold PPE products such as gloves and protective equipment. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 28.

29. Defendant admits Plaintiff covered a western territory for Ansell. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 29.

30. Defendant admits Plaintiff's compensation package included a base salary. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

***Defendant's Unlawful and Opaque Commission Structure***

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant admits it uses an annual Sales Incentive Plan clearly articulating the terms and conditions of how and when incentives are earned and paid. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42, including subparts a through d.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. The allegations in Paragraph 46 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 46.

***Plaintiff Complains About Defendant's Unlawful Practices and Is Terminated by Defendant in Retaliation***

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant lacks adequate knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant lacks adequate knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and, on that basis, denies them.

55. Defendant lacks adequate knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, denies them.

56. Defendant admits it terminated Plaintiff's employment for theft of Defendant's PPE products for the purpose of re-selling them through his private business and for breaching his duty of loyalty by contacting Defendant's clients in an attempt to divert their business to his own business during Plaintiff's employment. Defendant lacks adequate knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 56 and, on that basis, denies them.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

***Commissions are Not Discretionary Bonuses***

63. Plaintiff earned annual incentives, which were governed by Defendant's annual Sales Incentive Plans. Defendant never paid Plaintiff, nor did he ever earn, a commission. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 63.

64. The allegations in Paragraph 64 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 64.

65. The allegations in Paragraph 65 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 65.

**FIRST CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(*Tameny* Claim)**

**(*By Plaintiff against All Defendants*)**

66. Defendant incorporates its response to preceding Paragraphs.

67. Defendant admits it employed Plaintiff from approximately April 11, 2016 to November 20, 2024. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 67.

68. The allegations in Paragraph 68 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

//

//

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

72. Defendant admits it terminated Plaintiff's employment for theft of Defendant's PPE products for the purpose of re-selling them through his private business and for breaching his duty of loyalty by contacting Defendant's clients in an attempt to divert their business to his own business during Plaintiff's employment. Defendant denies the remainder of the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

**SECOND CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Cal. Labor Code § 1102.5(b))**

**(*By Plaintiff against All Defendants*)**

75. Defendant incorporates its response to preceding Paragraphs.

76. The allegations in Paragraph 76 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant lacks adequate knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, denies them.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

**THIRD CAUSE OF ACTION**
**RETALIATION**
**(Cal. Labor Code § 98.6(a) & (b))**
**(*By Plaintiff against All Defendants*)**

86. Defendant incorporates its response to preceding Paragraphs.

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

**FOURTH CAUSE OF ACTION**
**FINAL WAGES NOT TIMELY PAID**
**(Cal. Labor Code §§ 201, 202 & 203)**

**(*By Plaintiff against All Defendants*)**

93. Defendant incorporates its response to preceding Paragraphs.

94. The allegations in Paragraph 94 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 94.

95. The allegations in Paragraph 95 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant denies the allegations in Paragraph 99.

100. Defendant denies the allegations in Paragraph 100.

***Defendants' Willfulness Was Knowing, Deliberate, and Systemic***

101. Defendant denies the allegations in Paragraph 101.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

//

//

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

**FIFTH CAUSE OF ACTION**
**WAGES NOT TIMELY PAID DURING EMPLOYMENT**
**(Cal. Labor Code §§ 204 & 210)**
**(By Plaintiff against All Defendants)**

105. Defendant incorporates its response to preceding Paragraphs.

106. The allegations in Paragraph 106 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 106.

107. The allegations in Paragraph 107 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 107.

108. The allegations in Paragraph 108 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 108.

109. The allegations in Paragraph 109 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 109.

110. Defendant denies the allegations in Paragraph 110.

111. Defendant denies the allegations in Paragraph 111.

112. Defendant denies the allegations in Paragraph 112.

113. Defendant denies the allegations in Paragraph 113.

114. Defendant denies the allegations in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115.

**SIXTH CAUSE OF ACTION**
**WAGE THEFT (INCLUDING GRAND THEFT OF WAGES)**
**(Cal. Labor Code §§ 203, 204 & 210; Cal. Penal Code § 487m)**
**(*By Plaintiff against All Defendants*)**

116. Defendant incorporates its response to preceding Paragraphs.

117. Defendant denies the allegations in Paragraph 117.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant denies the allegations in Paragraph 119.

120. Defendant denies the allegations in Paragraph 120.

121. Defendant denies the allegations in Paragraph 121.

122. Defendant denies the allegations in Paragraph 122.

123. Defendant denies the allegations in Paragraph 123.

**<u>SEVENTH CAUSE OF ACTION</u>**
**NON-COMPLIANT WAGE STATEMENTS**
**(Cal. Labor Code § 226(a), (h))**

**(*By Plaintiff against All Defendants*)**

124. Defendant incorporates its response to preceding Paragraphs.

125. The allegations in Paragraph 125 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 125.

126. The allegations in Paragraph 126 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 126.

127. Defendant denies the allegations in Paragraph 127.

128. Defendant denies the allegations in Paragraph 128.

129. Defendant denies the allegations in Paragraph 129.

130. Defendant denies the allegations in Paragraph 130.

131. Defendant denies the allegations in Paragraph 131.

132. Defendant denies the allegations in Paragraph 132.

133. Defendant denies the allegations in Paragraph 133.

**<u>EIGHTH CAUSE OF ACTION</u>**
**FAILURE TO KEEP REQUISITE PAYROLL RECORDS**
**(Cal. Labor Code §§ 1174(d) & 1174.5)**

**(*By Plaintiff against All Defendants*)**

134. Defendant incorporates its response to preceding Paragraphs.

//

//

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

135. The allegations in Paragraph 135 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 135.

136. Defendant denies the allegations in Paragraph 136.

137. Defendant denies the allegations in Paragraph 137.

138. Defendant denies the allegations in Paragraph 138.

139. Defendant denies the allegations in Paragraph 139.

140. Defendant denies the allegations in Paragraph 140.

**NINTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS-RELATED EXPENSES**
**(Cal. Labor Code §§ 2800 & 2802)**

**(*By Plaintiff against All Defendants*)**

141. Defendant incorporates its response to preceding Paragraphs.

142. The allegations in Paragraph 142 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 142.

143. Defendant denies the allegations in Paragraph 143.

144. Defendant denies the allegations in Paragraph 144.

145. Defendant denies the allegations in Paragraph 145.

146. Defendant denies the allegations in Paragraph 146.

147. Defendant denies the allegations in Paragraph 147.

**TENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE WRITTEN COMMISSION AGREEMENT**
**(Cal. Labor Code § 2751)**

**(*By Plaintiff against All Defendants*)**

148. Defendant incorporates its response to preceding Paragraphs.

149. The allegations in Paragraph 149 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 149.

150. Defendant denies the allegations in Paragraph 150.

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

151. Defendant denies the allegations in Paragraph 151.

152. Defendant denies the allegations in Paragraph 152.

153. Defendant denies the allegations in Paragraph 153.

154. Defendant denies the allegations in Paragraph 154.

155. Defendant denies the allegations in Paragraph 155.

156. Defendant denies the allegations in Paragraph 156.

## ELEVENTH CAUSE OF ACTION
## MISAPPROPRIATION OF LIKENESS
## (Cal. Civil Code § 3344 and Common Law)

**(*By Plaintiff against All Defendants*)**

157. Defendant incorporates its response to preceding Paragraphs.

158. Defendant lacks adequate knowledge or information to form a belief as to the truth of the allegations in Paragraph 158 and, on that basis, denies them.

159. Defendant admits Plaintiff appeared in some of Defendant's promotional materials. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 159.

160. Defendant admits Plaintiff appeared in some of Defendant's promotional materials. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 160.

161. Defendant admits Plaintiff assigned rights to the use of his image/inventions to Defendant. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 161.

162. Defendant admits Plaintiff consented to the use of his likeness in appearing in Defendant's promotional materials. Except as so stated, Defendant denies the remainder of the allegations in Paragraph 162.

163. Defendant denies the allegations in Paragraph 163.

164. Defendant denies the allegations in Paragraph 164.

165. Defendant denies the allegations in Paragraph 165.

//

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

**TWELFTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**(Cal. Bus. & Prof. Code §§ 17200, et seq.)**
**(*By Plaintiff against All Defendants*)**

166. Defendant incorporates its response to preceding Paragraphs.

167. Defendant denies the allegations in Paragraph 167.

168. Defendant denies the allegations in Paragraph 168.

169. The allegations in Paragraph 169 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in Paragraph 169.

170. Defendant denies the allegations in Paragraph 170, including subparts a through h.

171. Defendant denies the allegations in Paragraph 171.

172. Defendant denies the allegations in Paragraph 172.

173. Defendant denies the allegations in Paragraph 173.

174. Defendant denies the allegations in Paragraph 174, including subparts a through c.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief requested in the Complaint, including but not limited to damages, wages, penalties, restitution, injunctive relief, punitive damages, interest, attorneys' fees, costs, or any other relief.

**AFFIRMATIVE DEFENSES**

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and

discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

2. The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

**THIRD AFFIRMATIVE DEFENSE**

**(Appropriate Remedial Action Taken by Employer)**

3. The Complaint, and each and every cause of action alleged therein, is barred by the avoidable consequences doctrine.

**FOURTH AFFIRMATIVE DEFENSE**

**(Business Necessity)**

4. Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

**FIFTH AFFIRMATIVE DEFENSE**

**(Employer Lacked Knowledge)**

5. The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly discriminated or retaliated against.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Authorization or Ratification)**

6. Any unlawful or wrongful acts, to the extent they exist (which Defendant denies), taken by Defendant's agents or employees were outside the

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

7. The Complaint, and each and every cause of action alleged therein, is barred by the avoidable consequences doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith but Mistaken Belief)**

8. Without conceding that Defendant engaged in any wrongdoing (which it did not), the Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

**NINTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

9. The claims set forth in the Complaint are barred, in whole or in part, because Plaintiff was treated in good faith, and all actions taken with regard to Plaintiff were taken for lawful business reasons in good faith.

**TENTH AFFIRMATIVE DEFENSE**

**(No Discriminatory/Retaliatory Intent-Legitimate Non-discriminatory/Non-retaliatory Reason)**

10. The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory and/or retaliatory intent as Defendant's alleged actions were based on a legitimate non-discriminatory/non-retaliatory reason.

//

//

//

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Not a Substantial Motivating Reason)**

11. The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Same Decision Limits Remedies)**

12. The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff would have been terminated for non-discriminatory/non-retaliatory reasons based on legitimate business reasons.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Outside the Scope of Employment)**

13. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein is barred, in whole or in part, because, if the alleged conduct occurred, it occurred outside the normal course and scope of employment of Defendant's agents and/or employees, if any, and was not authorized or ratified by Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(At-Will Employment)**

14. Plaintiff's employment was at-will and could be terminated by either employer or employee at any time, with or without cause, pursuant to Labor Code section 2922.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Civil Code § 1431.2)**

15. Defendant alleges that Plaintiff's Complaint, and each purported cause of action therein, is barred, in whole or in part, because any alleged emotional, mental, and/or physical injury suffered by Plaintiff (which Defendant denies) was proximately caused by the acts and/or omissions of persons and entities other than

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Defendant. Accordingly, Defendant is entitled to an allocation of any and all non-economic damages pursuant to California Civil Code section 1431.2.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

16. The Complaint, and each and every cause of action alleged therein, is barred by the applicable statutes of limitation, including, but not limited to, Code of Civil Procedure sections 335.1, 338, and 339, and Business and Professions Code section 17208.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

17. The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

18. The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

19. The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Waiver)**

20. The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Res Judicata/Collateral Estoppel)**

21. Defendant alleges Plaintiff's Complaint, and each cause of action therein, is barred by the doctrine of res judicata and collateral estoppel.

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

22. The Complaint, and each and every cause of action alleged therein, is barred in that any award of restitution would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Punitive Damages Against Corporate Defendant)**

23. Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

24. Plaintiff’s claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

25. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff’s claims, damages, losses, if any, and that said failure to mitigate Plaintiff’s damages bars or reduces any claims, losses, or damages.

//

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation)**

26. The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**

27. Without conceding that Plaintiff is entitled to any damages whatsoever, Defendant is entitled to offset any alleged damages Plaintiff may recover by income Plaintiff received or is receiving from other sources, including workers' compensation, disability insurance benefits, or alternative and/or subsequent employment.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Duplicate Damages)**

28. Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff's claimed damages for multiple claims are duplicative.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

29. Plaintiff's claims are barred inasmuch as if Plaintiff were to prevail in the above-captioned matter, Plaintiff would be unjustly enriched.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

30. Plaintiff is not entitled to equitable or injunctive relief because Plaintiff has an adequate remedy at law.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Full and Complete Compensation)**

31. Plaintiff's wage and hour claims, and each alleged cause of action that relies thereon, are barred because Plaintiff was timely paid all compensation due and

owing Plaintiff.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

32. The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the principles of accord and satisfaction, and payment.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

33. Defendant alleges that Plaintiff lacks standing to bring this Complaint because, pursuant to Section 17200 of the Business & Professions Code, Plaintiff did not suffer any injury in fact, and has not lost money or property as a result of alleged unfair competition by Defendant.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Lawful Conduct)**

34. Defendant alleges Plaintiff's cause of action based on California Business & Professions Code §§ 17200, *et seq.*, is barred because Defendant's actions were not unlawful, unfair, fraudulent, or misleading; its conduct and dealings were lawful and carried out in good faith and for legitimate business purposes; and the benefits of the purportedly unlawful practices alleged by Plaintiff outweigh whatever harm or negative impact Plaintiff contends the practices caused.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

35. Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

**PRAYER FOR RELIEF**

WHEREFORE, Ansell prays for judgment as follows:

1. That Plaintiff take nothing by the Complaint;

2. That each cause of action in the Complaint be dismissed with prejudice and judgment be entered in favor of Ansell;

3. That Ansell recover its costs of suit and reasonable attorneys' fees to the extent permitted by law; and

4. That the Court award such other and further relief as it deems just and proper.

Dated: September 18, 2026

DENTONS US LLP

By: ______________________
Nick S. Pujji
Carlos Bacio

Attorneys for Defendant
ANSELL HEALTHCARE PRODUCTS LLC

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 601 S. Figueroa Street, Suite 2500, Los Angeles, California 90017.

I hereby certify that on September 18, 2026, I electronically filed the foregoing DEFENDANT ANSELL HEALTHCARE PRODUCTS LLC'S ANSWER TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the ECF system which will send notification of such filing to the following parties:

Sa'id Valkili, Esq.
vakili@vakili.com
Stephen P. Hoffman, Esq.
hoffman@vakili.com
Jason C. Ming, Esq.
jason@vakili.com
VAKILI & LEUS, LLP
3701 Wilshire Boulevard, Suite 1135
Los Angeles, CA 90010-2822
Telephone: (213) 380-6010
Facsimile: (213) 380-6051

Attorneys for Plaintiff

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 18, 2026 at Los Angeles, California.

Carrie M. Rice

Carrie M. Rice