SA'ID VAKILI (SBN: 176322)
vakili@vakili.com
STEPHEN P. HOFFMAN (SBN 287075)
hoffman@vakili.com
JASON C. MING (SBN: 219745)
jason@vakili.com
VAKILI & LEUS, LLP
3701 Wilshire Boulevard, Suite 1135
Los Angeles, CA 90010-2822
Telephone: (213) 380-6010 | Fax: (213) 380-6051

Attorneys for Plaintiff
ROBERT S. AMBROSE

NICK S. PUJJI (SBN 259571)
nick.pujji@dentons.com
CARLOS BACIO (SBN 328466)
carlos.bacio@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Telephone: 213 623 9300
Facsimile: 213 623 9924

Attorneys for Defendant
ANSELL HEALTHCARE PRODUCTS LLC

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT S. AMBROSE, an individual,

Plaintiff,

v.

ANSELL HEALTHCARE PRODUCTS LLC, a Delaware limited liability company; and DOES 1 to 50, inclusive,

Defendant.

No. 2:26-cv-05010-JLS-SK

**JOINT RULE 26(F) CONFERENCE REPORT**

Judge: Hon. Josephine L. Staton

Conference: Nov. 27, 2026, 10:30 am
Courtroom 8A

Trial Date: None Set
Date Action Filed: January 30, 2026

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference (Dkt. 22), Plaintiff Robert S. Ambrose ("Plaintiff") and Defendant Ansell Healthcare Products LLC ("Defendant" or "Ansell") (collectively, the "Parties"), by and through their respective counsel, met and conferred, and hereby submit the following Joint Rule 26(f) Report in advance of the Scheduling Conference set for November 27, 2026, at 10:30 a.m.

**a. Statement of the case:**

—*Plaintiff*:

Plaintiff worked for Ansell from April 2016 until November 20, 2024, having been hired as a Regional Sales Manager for its EMS and government sales group, with a western territory that included California. He was paid a base salary plus sales-based incentive compensation under Ansell's annual Sales Incentive Plans. Plaintiff alleges that this incentive compensation was commission wages under California law and that Ansell did not pay all of it. Sales in his territory grew from about $2.8 million in 2018 to about $15.9 million in 2021, yet his commissions fell from about $87,576 in 2019 to about $36,848 in 2021. Plaintiff contends that the plans did not clearly state how commissions were computed and paid; were issued months into the fiscal year they governed (the fiscal year 2024 plan, effective July 1, 2023, was delivered on November 20, 2023); reserved to Ansell discretion to adjust or reverse payouts; and purported to forfeit earned commissions if he was not employed on the payout date. He further contends that Ansell withheld the sales data needed to verify its calculations, and that the information exchanged informally to date reflects inconsistent sales figures for the same periods, unexplained adjustments to sales credit and targets, and payments that do not match Ansell's own payout summaries or the plans' payment deadlines.

On these facts, Plaintiff asserts claims for failure to timely pay wages during employment and at termination (Cal. Lab. Code §§ 201, 203, 204), wage theft, non-compliant wage statements and payroll records (id. §§ 226, 1174), unreimbursed

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

business expenses (id. § 2802), failure to provide a compliant written commission agreement (id. § 2751), and unfair business practices (Cal. Bus. & Prof. Code § 17200).

Plaintiff also alleges that after he raised concerns about the commission structure, including in a February 6, 2024 regional report calling for a complete overhaul of the commission plan, Ansell terminated him by telephone without explanation. He asserts claims for wrongful termination and retaliation (Cal. Lab. Code §§ 98.6, 1102.5) and for Ansell's continued commercial use of his name and likeness in a product video after his termination (Cal. Civ. Code § 3344). Plaintiff disputes Ansell's characterization of the events on which it bases the termination and its threatened counterclaims, which rests on an internal investigation whose underlying records have not been produced, and denies that he is liable to Ansell on any counterclaim. Those matters are in abeyance as described below.

—*Defendant*:

Plaintiff is owed nothing. Plaintiff was paid every dollar of incentive compensation he earned under Ansell's annual Sales Incentive Plans, and there is no basis for any additional commissions. Plaintiff's compensation consisted of a base salary and incentive compensation governed by those plans, which set out the targets Plaintiff needed to meet to earn incentives. Ansell's records show that Plaintiff was paid when he met those targets and was not paid when he did not, and that any deviation from the plan terms was in Plaintiff's favor. Plaintiff's remaining wage-based claims are entirely derivative of his meritless commission theory and fail with it.

Plaintiff's termination, and the counterclaims Ansell has reserved, arise from Plaintiff's misuse of Ansell's products, customer information, and resources for his own benefit. In October 2024, an Ansell customer contacted Ansell's inside sales team about an email from a "Steve Young" at Citizen Safety Institute ("CSI") offering better pricing on Ansell gloves. Ansell's ensuing investigation revealed that

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Plaintiff founded CSI in 1999 and that public records list Plaintiff as a principal; that CSI was never an authorized Ansell distributor or reseller; that Plaintiff accessed the customer's Salesforce record; and that Plaintiff was the only person at Ansell who had ever emailed the "Steve Young" address. Ansell found no confirmation that any "Steve Young" works at CSI, and the evidence indicates that Plaintiff used that alias to solicit Ansell customers and prospects to buy Ansell products through CSI. When Ansell placed a test order through CSI's website, it received Ansell gloves marked "free sample – not for sale," shipped on an Ansell shipping account with an Ansell return address in Manhattan Beach, where Plaintiff lives, and Ansell's shipping records reflect multiple shipments Plaintiff originated from Manhattan Beach on that account. Between July 2023 and September 2024, Plaintiff placed orders for tens of thousands of dollars' worth of Ansell samples, which were shipped to Plaintiff himself rather than to customers. When interviewed, Plaintiff admitted founding CSI, sending Ansell leads and product samples to "Steve Young," and using Ansell's shipping account to send samples to CSI. Ansell terminated Plaintiff's employment on November 20, 2024, for violating Ansell's Code of Conduct.

Based on these facts, Ansell has evaluated, and is prepared to assert, counterclaims against Plaintiff for, among other things, breach of the duty of loyalty and fiduciary duty, conversion, fraud, and unjust enrichment, and to seek damages, restitution, and offset against any amounts Plaintiff claims. As set forth below, Ansell has agreed to hold those counterclaims in abeyance while the Parties focus on Plaintiff's commission claims, and Plaintiff has stipulated to Ansell filing them at a later date.

**Current Focus of the Case**: The Parties have agreed to hold in abeyance Plaintiff's employment-related claims (including his wrongful termination and retaliation claims) and Ansell's counterclaims arising from Plaintiff's alleged theft and misappropriation of Ansell's property, while the Parties focus their efforts on Plaintiff's allegations of unpaid commissions under Ansell's Sales Incentive Plans.

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Consistent with that agreement, Plaintiff has consented to Ansell filing its counterclaims pursuant to Federal Rule of Civil Procedure 15(a)(2) at a later date should resolution not be achieved, and Ansell has reserved all rights to assert those counterclaims. Accordingly, this case is presently focused on whether Plaintiff is owed any unpaid commissions or incentive compensation, and the Parties' proposed schedule is built around that issue.

**b. Legal issues:**

(1) whether Plaintiff earned, under the terms of Ansell's Sales Incentive Plans, any commissions or incentive compensation that Ansell failed to pay;

(2) whether Ansell's incentive compensation constitutes "commissions" within the meaning of the California Labor Code;

(3) whether Ansell's Sales Incentive Plans satisfied Labor Code section 2751, and whether Plaintiff may maintain a claim under that statute;

(4) whether any wages were not timely paid during or at the end of Plaintiff's employment, and whether any related waiting-time or wage-statement penalties apply;

(5) whether Plaintiff is entitled to restitution under Business and Professions Code section 17200; and

(6) the extent to which Ansell's affirmative defenses, including good faith dispute, offset, and statutes of limitations, bar or limit recovery. Should the Parties' resolution efforts fail, additional issues will include whether Ansell terminated Plaintiff for legitimate, non-retaliatory reasons and Ansell's counterclaims against Plaintiff.

**c. Damages:**

—*Plaintiff*:

<u>Commission Claims</u>. Plaintiff seeks unpaid incentive compensation, prejudgment interest, statutory penalties, restitution, and attorneys' fees. The amount cannot yet be fixed because it depends on sales, target, and adjustment data in

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Ansell's sole possession, part of which has not been produced. Based on the information exchanged so far, Plaintiff's preliminary analysis indicates an underpayment of approximately $350,000 for fiscal year 2023 (July 1, 2022 through June 30, 2023) alone. Plaintiff anticipates similar issues in other fiscal years and will supplement this estimate, by fiscal year, as Ansell produces the remaining data. Plaintiff also seeks waiting-time penalties of up to 30 days' wages under Labor Code § 203, which by Ansell's own calculation are approximately $9,769 on base salary alone (Dkt. 1 ¶ 25) and are greater once incentive compensation is included in the daily rate, and wage-statement penalties of up to $4,000 under Labor Code § 226(e).

<u>Employment Claims (in abeyance)</u>. Should these claims proceed, Plaintiff will seek back pay and front pay from his November 20, 2024 termination, measured by a base salary of approximately $118,858 per year (Dkt. 1 ¶ 22) plus incentive compensation. Base salary alone would exceed $375,000 through the proposed Final Pretrial Conference, before any offset for mitigation. Plaintiff will also seek emotional distress damages, civil penalties of up to $10,000 per violation under Labor Code §§ 98.6(b)(3) and 1102.5(f), damages under Civil Code § 3344, punitive damages, and attorneys' fees and costs.

<u>Estimate</u>. On present information, Plaintiff estimates provable damages of not less than approximately $350,000 on the commission claims, exclusive of interest, penalties, and fees, and not less than approximately $725,000 if the employment claims proceed, exclusive of non-economic and punitive damages.

—*Defendant*:

Plaintiff is not entitled to any damages. Plaintiff was paid all incentive compensation he earned under the applicable Sales Incentive Plans, and no additional commissions, penalties, or restitution are owed. Ansell will contest both liability and the amount of any claimed damages. To the extent Ansell asserts its counterclaims, Ansell will seek damages, restitution, and offset arising from Plaintiff's alleged unauthorized activities, in an amount to be proven.

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

**d. Insurance:**

Defendant is unaware of any insurance coverage.

**e. Motions:**

—*Plaintiff*:

Plaintiff does not presently anticipate motions to dismiss for lack of jurisdiction or to transfer venue. Plaintiff may seek leave to amend the Complaint to conform his commission allegations to the sales and incentive data Ansell is producing, to substitute any Doe defendants identified in discovery, and, if that data warrants, to add related claims or parties. Plaintiff agrees that the deadline to amend pleadings should be set for February 22, 2027, rather than the presumptive date, so that the informal exchange of information can conclude before either side amends. Plaintiff has consented to Ansell filing its counterclaims under Rule 15(a)(2) (Dkt. 21) but reserves all defenses to them, including the right to respond by motion under Rule 12. Plaintiff will join in a stipulated protective order.

—*Defendant*:

Ansell does not presently anticipate motions to add parties, to dismiss for lack of jurisdiction, or to transfer venue. Should the Parties' resolution efforts prove unsuccessful, Ansell anticipates filing its counterclaims pursuant to Federal Rule of Civil Procedure 15(a)(2) and the Parties' stipulation (Dkt. 21), and requests that the deadline to amend pleadings accommodate that filing. Ansell will also seek a stipulated protective order before producing confidential compensation, sales, customer, and personnel information.

**f. Complexity:**

The Parties agree that this case is not complex and that the procedures of the Manual for Complex Litigation should not be utilized.

**g. Status of Discovery:**

The Parties have not yet exchanged initial disclosures or served formal discovery. However, since removal, the Parties have engaged, and continue to

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

engage, in the exchange of informal discovery directed at Plaintiff's commission claims, including information concerning Ansell's Sales Incentive Plans, Plaintiff's sales figures, and the corresponding incentive calculations, as well as information concerning Ansell's potential counterclaims. The Parties intend to continue this informal exchange in parallel with formal discovery in an effort to narrow the issues and facilitate resolution.

**h. Discovery Plan:**

Initial Disclosures (Rule 26(f)(3)(A)): The Parties will exchange initial disclosures within 14 days after the Scheduling Conference.

Subjects of Discovery (Rule 26(f)(3)(B)): Consistent with the Parties' agreement to hold the employment claims and counterclaims in abeyance, discovery will initially focus on Plaintiff's commission claims, including the Sales Incentive Plans in effect during Plaintiff's employment, Plaintiff's acknowledgment of those plans, Plaintiff's sales data and quota attainment, incentive payout calculations and payments, and related communications. Should resolution not be achieved, discovery would expand to Plaintiff's termination and Ansell's counterclaims.

Electronically Stored Information (Rule 26(f)(3)(C)): The Parties do not presently anticipate ESI disputes and agree that documents will be produced in searchable PDF or native format (for spreadsheets and sales data), Bates-stamped.

Privilege (Rule 26(f)(3)(D)): The Parties will exchange privilege logs for withheld documents and request that the protective order include a Federal Rule of Evidence 502(d) clawback provision.

Limitations on Discovery (Rule 26(f)(3)(E)): The Parties do not propose changes to the limits imposed by the Federal Rules.

Other Orders (Rule 26(f)(3)(F)): The Parties will submit a stipulated protective order to the Magistrate Judge.

Depositions:

Plaintiff anticipates taking a Rule 30(b)(6) deposition of Ansell on the design,

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

administration, and calculation of the Sales Incentive Plans; the sales, target, and adjustment data used to compute Plaintiff's incentives; sales crediting and territory assignments; and the payment of incentives through payroll. Plaintiff also anticipates deposing the finance and sales-compensation personnel who prepared and adjusted his quarterly incentive calculations, his direct supervisors during the relevant period, and Human Resources personnel, including Elisabeth Daoust-Hartlen. Plaintiff presently estimates six to eight depositions on the commission claims. If the employment claims and counterclaims proceed, Plaintiff also anticipates deposing the persons who conducted Ansell's investigation and made the decision to terminate him, and percipient witnesses, including Thomas Stymac and Brett Voiral.

Ansell anticipates deposing Plaintiff and any witnesses Plaintiff identifies concerning his commission claims.

Discovery Cut-Off: The Parties propose a fact discovery cut-off of August 27, 2027, as set forth in Exhibit A.

**i. Expert Discovery:**

The Parties propose that expert disclosures and discovery follow the Court's presumptive schedule: initial expert reports due two weeks after the fact discovery cut-off (September 10, 2027), rebuttal expert reports due six weeks after the fact discovery cut-off (October 8, 2027), and expert discovery cut-off ten weeks after the fact discovery cut-off (November 5, 2027). Ansell anticipates that expert testimony may be necessary regarding incentive compensation calculations and Plaintiff's claimed damages. Plaintiff likewise anticipates retaining an expert in forensic accounting or sales compensation regarding the incentive calculations and damages.

**j. Dispositive motions:**

—*Plaintiff*:

Plaintiff anticipates moving for summary judgment or partial summary judgment on: (1) whether Ansell's incentive compensation constitutes commission wages under the Labor Code; (2) whether the plan provisions conditioning payment

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

on continued employment and reserving discretion to adjust or reverse payouts are unenforceable as to incentive compensation already earned; (3) whether Ansell's plans, and the manner and timing of their delivery, complied with Labor Code § 2751; and (4) Ansell's liability for incentive payments that its own records show were unpaid or were paid after the plans' deadlines, and the resulting penalties under Labor Code § 203.

Plaintiff disputes that his claims can be resolved against him on summary judgment. The amount of incentive compensation earned turns on disputed facts concerning the sales figures, targets, and adjustments Ansell used. Plaintiff further contends that a violation of Labor Code § 2751 is actionable as a predicate for his claim under Business and Professions Code § 17200 whether or not § 2751 carries its own private right of action, and that his claims are timely.

—*Defendant*:

Ansell anticipates moving for summary judgment on Plaintiff's commission claims because the plan documents and payment records establish that Plaintiff was paid all incentive compensation earned under the Sales Incentive Plans. Ansell will also seek summary judgment or partial summary judgment on the grounds that no private right of action exists under Labor Code section 2751, that Plaintiff's derivative penalty and section 17200 claims fail with the underlying wage claims, and that Plaintiff's claims are barred in part by the applicable statutes of limitations.

**k. Alternative Dispute Resolution ("ADR") Procedure Selection:**

The Parties select ADR Procedure No. 3 (private mediation). Given the Parties' ongoing informal discovery and resolution discussions, the Parties believe a private mediator is best suited to assist in resolving this matter.

**l. Settlement Efforts:**

Without disclosing the substance of their communications, the Parties advise the Court that they have discussed settlement and have exchanged written communications regarding resolution since shortly after removal. Beginning on

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

May 8, 2026, the Parties engaged in meet-and-confer efforts regarding Ansell's anticipated responsive pleading and counterclaims, and stipulated to extend Ansell's responsive pleading deadline to allow those efforts to continue. The Parties have exchanged informal discovery concerning Plaintiff's commission claims and Ansell's potential counterclaims, and counsel met in person on August 12, 2026, to further discuss their respective positions. In light of these ongoing discussions, the Parties stipulated on September 18, 2026, to permit Ansell to file its counterclaims at a later date should resolution not be achieved. The Parties continue to exchange informal discovery and confer in good faith in an effort to resolve this matter without further burdening the Court.

**m. Preliminary Trial Estimate:**

Plaintiff has demanded a jury trial.

The Parties estimate that trial will require 5 to 7 court days.

Ansell anticipates calling approximately five to seven witnesses. Plaintiff anticipates calling approximately six to eight witnesses, including expert witnesses. This estimate assumes trial is limited to Plaintiff's commission claims; should the employment claims and Ansell's counterclaims proceed, the Parties anticipate trial would require approximately 7 to 10 court days.

**n. Trial counsel:**

—*Plaintiff*: Sa'id Vakili (lead trial counsel), Stephen P. Hoffman, and Jason C. Ming of Vakili & Leus, LLP.

—*Defendant*: Nick S. Pujji (lead trial counsel) and Carlos Bacio of Dentons US LLP.

**o. Independent Expert or Master:**

The Parties do not anticipate a need for an independent expert or master.

**p. Other Issues:**

As discussed above, the Parties have agreed to hold in abeyance Plaintiff's employment-related claims and Ansell's counterclaims while they focus on

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Plaintiff's commission claims, and propose that discovery be sequenced accordingly. Should resolution not be achieved, the Parties will promptly notify the Court and may request a status conference regarding any adjustment to the schedule needed to accommodate Ansell's counterclaims. The Parties' proposed dates in Exhibit A follow the Court's presumptive intervals and contemplate a fact discovery cut-off of August 27, 2027, approximately nine months after the Scheduling Conference, to allow the Parties to continue their informal discovery and resolution efforts, and a Final Pretrial Conference on January 28, 2028, with trial to commence on or about February 22, 2028.

Dated: November 13, 2026

VAKILI & LEUS, LLP

By: _*/s/Sa'id Vakili*_____________
Sa'id Vakili, Esq.
Stephen P. Hoffman, Esq.
Jason C. Ming, Esq.

Attorneys for Plaintiff
ROBERT S. AMBROSE

Dated: November 13, 2026

DENTONS US LLP

By: _*/s/Carlos Bacio*_______________
Nick S. Pujji
Carlos Bacio

Attorneys for Defendant
ANSELL HEALTHCARE PRODUCTS LLC

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

**ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all other signatories listed and on whose behalf this filing is made concur in the filing of this document and have granted permission to use an electronic signature.

Dated: November 13, 2026

DENTONS US LLP

By: _*/s/Carlos Bacio*_______________
Nick S. Pujji
Carlos Bacio

Attorneys for Defendant
ANSELL HEALTHCARE PRODUCTS LLC

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

EXHIBIT A

PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

NAME: Robert S. Ambrose v. Ansell Healthcare Products LLC
CASE NO: 2:26-cv-05010-JLS-SK

| **Matter** | **Deadline** | **Plaintiff's Request** | **Defendant's Request** |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 8 weeks | February 22, 2027 | February 22, 2027 |
| Fact Discovery Cut-Off | Generally a Friday between 6-9 months after the Scheduling Conference | August 27, 2027 | August 27, 2027 |
| Last Day to Serve Initial Expert Reports | 2 weeks after Fact Discovery Cut-Off | September 10, 2027 | September 10, 2027 |
| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | 2 weeks after Fact Discovery Cut-Off | September 10, 2027 | September 10, 2027 |
| Last Day to Serve Rebuttal Expert Reports | 6 weeks after Fact Discovery Cut-Off | October 8, 2027 | October 8, 2027 |
| Last Day to Conduct Settlement Proceedings | 9 weeks after Fact Discovery Cut-Off | October 29, 2027 | October 29, 2027 |

| **Matter** | **Deadline** | **Plaintiff's Request** | **Defendant's Request** |
|---|---|---|---|
| Expert Discovery Cut-Off | 10 weeks after Fact Discovery Cut-Off | November 5, 2027 | November 5, 2027 |
| Last Day to File *Daubert* Motions | 1 week after Expert Discovery Cut-Off | November 12, 2027 | November 12, 2027 |
| Last Day to File Motions in Limine (other than *Daubert* Motions) | 4 weeks before the FPTC | December 17, 2027 | December 17, 2027 |
| Final Pre-Trial Conference **(Friday at 10:30 a.m.)** | 22 weeks after Fact Discovery Cut-Off | January 28, 2028 | January 28, 2028 |

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

**DECLARATION OF SA'ID VAKILI RE:**
**USE OF ARTIFICIAL INTELLIGENCE**

I, Sa'id Vakili, declare as follows:

1. I am a member in good standing of the State Bar of California and attorney for plaintiff Robert S. Ambrose ("Plaintiff") in the above-entitled action, Case No.: 2:26-cv-05010-JLS-SK.

2. I have personal knowledge of the facts set forth herein and if called upon can and would testify to them in a court of law.

3. I used artificial intelligence to assist with the preparation of Plaintiff's portions of the Joint Rule 26(f) Conference Report.

4. I have reviewed the source material and have verified that the artificially generated content is accurate and complies with Plaintiff's Rule 11 obligations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2026, at Los Angeles, California.

/s/ *Sa'id Vakili*
SA'ID VAKILI, DECLARANT

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

**DECLARATION OF CARLOS BACIO RE: USE OF ARTIFICIAL INTELLIGENCE**

I, Carlos Bacio, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and this Court, and I am an associate with the law firm of Dentons US LLP, attorneys of record for defendant Ansell Healthcare Products LLC ("Ansell") in the above-entitled action, Case No.: 2:26-cv-05010-JLS-SK.

2. I have personal knowledge of the facts set forth herein and if called upon can and would testify to them in a court of law.

3. I used generative artificial intelligence to assist with the preparation of a portion of Ansell's portions of the Joint Rule 26(f) Conference Report.

4. I have reviewed the source material and have verified that the artificially generated content is accurate and complies with Ansell's and its counsel's Rule 11 obligations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 13, 2026, at Los Angeles, California.

/s/ *Carlos Bacio*
Carlos Bacio